UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBRAHIM KARABATAK,<br><br>                      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                      Respondent. | Civ. Action No. 22-6702 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

    Before the Court is *pro se* petitioner Ibrahim Karabatak's ("Petitioner") amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Amended Motion"). (ECF No. 6.) Following an order to answer, Respondent filed a response to the Amended Motion. (ECF No. 20.) For the reasons set forth below, Petitioner's Amended Motion is **DENIED**, and the Court will not issue a certificate of appealability.

**I.**    **BACKGROUND**

    On April 23, 2019, Petitioner was charged by complaint with one count of conspiracy to export firearm parts from the United States, in violation of 18 U.S.C. § 371. (*United States v. Karabatak*, Crim. No. 21-677, ECF No. 1.) The following day, April 24, 2019, Petitioner was arrested and appeared for his initial appearance, where the Honorable Ann Marie Donio, U.S.M.J., ("Magistrate Judge Donio") appointed Assistant Federal Public Defender Lisa Evans Lewis, Esq., to represent Petitioner. (*Id.*; ECF Nos. 6, 10.) At his initial hearing, Petitioner waived his right to a preliminary hearing and Magistrate Judge Donio entered an ends of justice continuance order,

based on the government's and Petitioner's, through defense counsel, joint application for a continuance. (*Id.*; *see* ECF Nos. 8, 9.) The ends of justice continuance order excluded time from April 24, 2019, through June 25, 2019, in computing time under the Speedy Trial Act of 1974. (*Id.*; ECF No. 9.)

On April 29, 2019, Andres Jalon, Esq. ("Attorney Jalon") (retained) filed a motion to appear *pro hac vice* on behalf of Petitioner. (*Id.*; ECF No. 12.) On May 6, 2019, Magistrate Judge Donio terminated Attorney Lewis's representation and Attorney Jalon entered his appearance. (*Id.*; ECF No. 15.)

On May 14, 2019, Magistrate Judge Donio granted Petitioner's motion for bond and for vacation of his detention order. (*Id.*; ECF Nos. 13, 16-20.) Petitioner was released from custody on pre-trial release conditions. (*Id.*; ECF Nos. 18, 20.)

From June 20, 2019, through April 30, 2020, upon joint application of the government and Petitioner, through defense counsel, Magistrate Judge Donio and the Honorable Joel Schneider, U.S.M.J., entered a total of five ends of justice continuance orders. (*Id.*; *see also* ECF Nos. 23, 26, 34, 37, and 43.) On April 2, 2020, Robert Matthew Perry, Esq., (retained) entered his appearance on Petitioner's behalf and Attorney Jalon's representation was terminated. (*Id.*; ECF No. 49.)

In March 2020, the COVID-19 pandemic began. From March 16, 2020, through June 1, 2021, the Honorable Freda L. Wolfson, U.S. Chief District Judge, District of New Jersey (ret.) ("Chief Judge Wolfson") issued multiple standing orders ("COVID Standing Orders"), which continued trials and excluded from Speedy Trial Act calculations the periods of delay resulting from these continuances ("COVID delays"). (*Id.*; ECF Nos. 47, 50, 51, 54, 55, 57, 59.) On June 30, 2021, upon joint application of the government and Petitioner, through defense counsel,

Magistrate Judge Donio entered a final ends of justice continuance order, granting a continuance in that matter through August 31, 2021. (*Id.*; ECF No. 61.)

On September 7, 2021, Petitioner was charged by information with one count of conspiracy to export firearm parts from the United States to Turkey, in violation of 18 U.S.C. § 371. (*Id.*; ECF No. 64.) Petitioner waived his right to prosecution by indictment and consented to proceeding by information. (*Id.*; ECF No. 65.) On the same day, pursuant to a negotiated Plea Agreement, Petitioner pled guilty before the Honorable Robert B. Kugler, U.S.D.J. (ret.) ("Judge Kugler"), to the one count information. (*Id.*; ECF Nos. 66-67.) Pursuant to the Plea Agreement, the parties stipulated that the guidelines carried a base offense level of 26, Petitioner would receive a downward adjustment of 2 levels for acceptance of responsibility, and an additional 1-point reduction for assisting authorities in avoiding trial, resulting in an offense level of 23. (*Id.*; *see* ECF No. 67 at 7.)

Prior to sentencing, the U.S. Probation Office determined that, based on Petitioner's total offense level of 23 and criminal history category of I, the advisory guideline range was 46 – 57 months, with a statutory maximum sentence of 5 years' imprisonment. (*Id.*; ECF No. 72, Presentence Investigation Report ("PSR") at ¶¶ 64-76, 118-119.) On July 13, 2022, Judge Kugler sentenced Petitioner to a term of one year and one day imprisonment, to be followed by three years of supervised release. (*Id.*; ECF No. 79.) Judge Kugler informed Petitioner that once Petitioner was notified of his designation to a BOP facility, he was to self-surrender to the Bureau of Prisons ("BOP") to serve his sentence. (ECF No. 20-1 at 24:20-24.)

According to Petitioner, on September 27, 2022, Petitioner surrendered to the BOP satellite camp in Waymart, Pennsylvania. (*See* ECF No. 6-1 at 3.) On January 5, 2023, the BOP released Petitioner to serve the remainder of his sentence on home confinement. (*See* ECF No. 20-2 at 1.)

At the time Respondent filed a response in this matter, Petitioner's projected release date was May 25, 2023. (*See id.*) The Federal Bureau of Prisons Inmate Locator indicates that Petitioner was released from BOP custody as of May 8, 2023. *See* https://www.bop.gov/inmateloc/ (last visited April 16, 2025).

On November 20, 2022, Petitioner filed his initial § 2255 Motion. (ECF No. 1.) On December 1, 2022, Petitioner filed the instant Amended Motion arguing ineffective assistance of Attorney Perry for failing to argue Petitioner's speedy trial rights had been violated. (ECF No. 6-1 at 3-6.) Petitioner also moves for a reduction of his sentence to time served. (*Id.* at 6-7.) Respondents filed a response on April 17, 2023. (ECF No. 20.) Petitioner did not file a reply. On June 21, 2024, this matter was reassigned to the undersigned for all further proceeding. (ECF No. 24.)

## II. LEGAL STANDARD

### A. 28 U.S.C. § 2255

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert.*

4

*denied*, 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).

### III. DISCUSSION

Petitioner raises two claims in his Section 2255 Motion. First, Petitioner claims that he received ineffective assistance from plea counsel, Attorney Perry. (*See* ECF No. 6.) Specifically, Petitioner argues that counsel was ineffective for failing to move for dismissal of the information based on a violation of his speedy trial rights. (*See* ECF No. 6-1 at 3-6.) Next, Petitioner moves under 18 U.S.C. 3582(c)(1)(A)(i) for a reduction of his sentence based on extraordinary and compelling reasons. (*Id.* at 6-7.) The Court addresses each in turn.

#### A. Ineffective Assistance of Plea Counsel

Petitioner argues that plea counsel, Anthony Perry, was ineffective for failing to move for dismissal of the information based on a violation of his speedy trial rights. (*Id.* at 3-6.)

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated the two-prong test for demonstrating when counsel is deemed ineffective. First, a petitioner must show that considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *See id.* at 688; *see also Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013) (noting that it is necessary to analyze an ineffectiveness claim considering all circumstances) (citation omitted). A petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *See Strickland*, 466 U.S. at 690. Under this first prong of the *Strickland* test, scrutiny of counsel's conduct must be "highly deferential." *See id.* at 689. Indeed, "[c]ounsel is strongly presumed to have rendered adequate assistance and made all

5

significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The reviewing court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. If counsel makes "a thorough investigation of law and facts" about his plausible options, the strategic choices he makes accordingly are "virtually unchallengeable." *Gov't of Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1432 (3d Cir. 2006) (citing *Strickland*, 466 U.S. at 690-91). If, on the other hand, counsel pursues a certain strategy after a less than complete investigation, his choices are considered reasonable "to the extent that reasonable professional judgments support the limitations on investigation." *Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir. 2006) (citing *Strickland*, 466 U.S. at 690-91).

The second prong of the *Strickland* test requires the petitioner to affirmatively prove prejudice. *See Strickland*, 466 U.S at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*; *see also McBridge v. Superintendent, SCI Houtzdale*, 687 F.3d 92, 102 n.11 (3d Cir. 2012). "This does not require that counsel's actions more likely than not altered the outcome, but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters only in the rarest case. The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011) (cleaned up).

> "With respect to the sequence of the two prongs, the *Strickland* Court held that 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'"

6

*Rainey v. Varner*, 603 F.3d 189, 201 (3d Cir. 2010) (quoting *Strickland*, 466 U.S. at 697).

The Speedy Trial Act sets timing deadlines for the stages of a criminal prosecution. *See* 18 U.S.C. § 3161. Any information or indictment charging a defendant must be filed within thirty days of his arrest, and he must be tried within seventy days of the later of his indictment or initial appearance. 18 U.S.C. § 3161(b), (c)(1). The Speedy Trial Act generally insists on strict conformity with its deadlines: charges "shall be dismissed" if no indictment or information is filed within the time limit required by section 3161(b). 18 U.S.C. § 3162(a)(2).

However, "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases. To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006). Section 3161(h) excludes, in relevant part, from the speedy trial clock:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). For time to be excludable under this section, the court must set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* It is not necessary, however, for the court to articulate facts which are obvious and are set forth in the motion for the continuance. *See United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992). In determining whether to grant a continuance, the court must consider, inter alia, "[w]hether the failure to grant such a continuance in the proceeding would be

7

likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

Respondent admits that more than 30 non-excludable speedy trial days passed between Petitioner's initial appearance on April 24, 2019, and September 2, 2021, the day Petitioner waived indictment and entered a guilty plea to the Information. (*See* ECF No. 20 at 7.) A review of the criminal docket illustrates that every day from Petitioner's April 24, 2019, initial appearance through the June 1, 2021, expiration of Chief Judge Wolfson's final COVID Standing Order, was excluded from the Speedy Trial Act's 30-day deadline. During that time, Magistrate Judge Donio granted six ends of justice continuance orders, based on the parties' joint applications for a continuance, and Chief Judge Wolfson entered eight COVID Standing Orders, excluding the time from the Speedy Trial Act's 30-day deadline. (*See* Crim. No. 21-677, ECF Nos. 9, 23, 26, 34, 37, 43, 46, 47, 50, 51, 54, 55, 57, and 59.) Then, on June 30, 2021, Magistrate Judge Donio entered one final ends of justice continuance order, which excluded the time from that date through August 31, 2021. (*Id.*, ECF No. 61.) Therefore, twenty-eight days of the speedy trial time limitations elapsed between the expiration of the final COVID Standing Order on June 1, 2021, and the filing of the final ends of justice continuance on June 30, 2021. Another six days elapsed of the speedy trial time limitation between the expiration of the final ends of justice continuance on August 31, 2021, and the filing of the Information on September 7, 2021. Therefore, twenty-eight (28) days in June 2021, and six (6) days in September 2021, combine for a total for thirty-four (34) days of non-excludable speedy trial time. As such, there was a four (4) day technical speedy trial violation.

Although Respondent admits there was a four-day speedy trial violation, Petitioner argues that he was not made aware of, nor did he consent to, the multiple ends of justice continuances that were jointly requested by the government and prior counsel, Attorney Jalon. Petitioner argues that

8

although the ends of justice continuance orders indicate that the parties requested continuances of the proceedings for pre-indictment negotiations, defense counsel was instead requesting the continuances for personal reasons. (ECF No. 6-1 at 2.) Therefore, Petitioner appears to assert that this speedy trial violation was longer than four days.

Although Petitioner's ineffective assistance claim is only raised against plea counsel for failing to move for dismissal of the Information, Petitioner cannot establish that prior defense counsel, Attorney Jalon, was ineffective based on counsel's alleged failure to seek Petitioner's permission for requesting continuances in his criminal matter. Defense counsel is not required to obtain a client's consent before agreeing to an ends-of-justice continuance under the Speedy Trial Act. *See, e.g., United States v. Tulu*, 535 F. Supp. 2d 492, 499 (D.N.J. 2008) ("Nothing in the statute requires that the defendant consent to a continuance. Rather, a court can grant a continuance, over defendant's objection, upon the Government's motion, or on its own motion.") (*citing* 18 U.S.C. § 3161(h)(8)(A)). Counsel may waive a defendant's right to a speedy trial because "[s]cheduling matters are plainly among those for which agreement by counsel generally controls." *New York v. Hill*, 528 U.S. 110, 115 (2000); *Gonzalez v. United States*, 553 U.S. 242, 248 (explaining that the Court in *Hill* held that an attorney, acting without indication of particular consent from his client, could waive his client's statutory right to a speedy trial); *United States v. Green*, 516 F. App'x 113, 122 (3d Cir. 2013) (rejecting the defendant's argument of a Speedy Trial Act violation where the defendant did not consent to the continuance requested by his attorney).

Instead, for a Speedy Trial Act continuance to be valid, a court must determine that "the ends of justice served [by the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A judge must set forth the reasons, orally or in writing, for granting such a continuance. *Id.* Here, Magistrate Judge Donio signed six

continuances, setting forth for the reasons for the continuances in writing and finding the ends of justice outweighed the best interest of the public and Petitioner. Magistrate Judge Donio granted the continuances due to joint representations that pre-indictment negotiations were ongoing, and the parties required additional time to obtain and review evidence. (*See* Crim. No. 21-677, ECF Nos. 9, 23, 26, 34, 37 and 43.) Plea negotiations are a valid reason to obtain a continuance under the Speedy Trial Act. *See United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994). Although Petitioner submits that defense counsel had personal reasons for requesting continuances, and the government knew ongoing negotiations were not the reason for the requests, this does not mean that pre-indictment negotiations were not occurring, and that discovery was not ongoing. *See Tulu*, 535 F. Supp. 2d at 503 (rejecting argument that plea negotiations did not occur because defendant was not informed of the negotiations).

As noted above, there was a four (4) day technical violation of Petitioner's right to a speedy trial. Attorney Perry, therefore, could have raised a defense under the Speedy Trial Act, but did not. Nonetheless, to establish *Strickland* prejudice on a claim that counsel failed to make a speedy trial motion, it is not enough to show that the Information would have been dismissed, Petitioner is instead required to show that, more likely than not, the motion would have resulted in a dismissal with prejudice. *See United States v. Zahir*, 404 F. App'x 585, 588 (3d Cir. 2010). The Speedy Trial Act permits trial courts to dismiss a criminal indictment or information with or without prejudice following a violation of the act. *See* 18 U.S.C. § 3162(a)(1). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. *Id.* The presence or absence of prejudice to the criminal

defendant is also a fourth factor that was imposed by the Supreme Court. *See United States v. Martinez*, 75 F. Supp. 2d 360, 365 (D.N.J. 1999) (citing *United States v. Taylor*, 487 U.S. 326, 334-36 (1988)); *see also United States v. Cox*, 553 F. App'x 123, 129 (3d Cir. 2014).

Here, Petitioner has not shown that he suffered a violation of the Speedy Trial Act sufficient to require dismissal of the Information with prejudice, and thus he cannot show that he was prejudiced by plea counsel's failure to make a speedy trial motion. Turning to the first factor used to determine whether a dismissal with prejudice is appropriate, Petitioner's charge was clearly serious, conspiracy to export firearm parts from the United States to Turkey, which cuts in favor of a dismissal without prejudice.

Next, the circumstances that led to the four-day violation of Petitioner's speedy trial rights weigh against dismissal with prejudice. The record shows that a four-day non-excludable delay took place in September 2021, after the final ends of justice continuance order expired on August 31, 2021, and before the Information was filed on September 7, 2021. Petitioner signed a plea agreement in April 2021. (*See* Crim. No. 21-667, ECF No. 67.) At that time, Chief Judge Wolfson's final COVID Standing Order was in effect, which did not expire until June 1, 2021. (*Id.*, ECF No. 59.) On June 30, 2021, the parties filed a joint application for an order granting a continuance through August 31, 2021, for "additional time to request assignment of [the] case to a District Judge and to schedule a plea hearing before the assigned District Judge." (*Id.*, ECF No. 61.) Respondent admits they "inadvertently failed to file a final continuance covering the first week in September 2021." (ECF No. 20 at 12.) However, at that time, Petitioner had already signed the plea agreement, and a plea hearing had been scheduled for September 7, 2021. (*See* ECF No. 20-4.) The parties were actively working towards Petitioner entering a plea and the four-day non-excludable period where a continuance was not in effect appears to have been based on a minor

11

oversight and not the result of wrongdoing. *U.S. v. Law*, 526 F.Supp.2d 513, 519 (E.D.Pa. 2007) ("An innocent mistake on the Government's part does not warrant dismissal with prejudice . . . .").

The third Speedy Trial Act factor directs the Court to weigh "the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2). The Court notes that dismissal of charges under the Speedy Trial Act is meant to send a message to the government with the goal of "induc[ing] salutary changes in [their] procedures [and] reducing pretrial delays," and that "dismissal with prejudice always sends a stronger message than dismissal without prejudice." *United States v. Taylor*, 487 U.S. 326, 342 (1988). However, here, considering the governments' inadvertent failure to request a final one-week continuance, when Petitioner had already signed a plea agreement and the plea hearing was scheduled, neither the administration of justice nor reasoning for the Speedy Trial Act would be served by dismissal with prejudice. Therefore, this factor also weighs against dismissal with prejudice. *See Gov't of the Virgin Islands v. Francis*, 98 F.R.D. 626, 632 (3d Cir. 1983) (noting that where nothing was presented to the Court to indicate that the Government's failure to timely file the information or indictment was more than mere negligence there would be little or no adverse impact on the administration of the Act or on the administration of justice should the defendant be reprosecuted).

In considering whether a violation of the Speedy Trial Act prejudiced a defendant, the Supreme Court has considered both the prejudice in the preparation of a defense and the prejudice to the defendant by restricting his liberty. *Taylor*, 487 U.S. at 340. Considering the prejudice to Petitioner, Petitioner has not pled potential prejudice arising from the short four-day delay. Petitioner fails to present any argument of prejudice to the preparation of his defense, nor does the Court find any. In fact, Petitioner signed a plea agreement in which the parties agreed to a

12

downward adjustment of 2 levels for acceptance of responsibility and an additional 1-point reduction for assisting authorities in avoiding trial. (Crim. No. 21-677, ECF No. 67 at 7.)

Regarding prejudice to Petitioner's liberty, Petitioner again fails to point to any specific prejudice to his liberty interest. The Third Circuit has no set rule concerning how many days of post-arrest and pre-indictment delay give rise to a presumption of prejudice weighing in favor of a defendant on a motion to dismiss for violation of the Speedy Trial Act. However, violations of only a few days are routinely found not to give rise to any prejudice. *See Cox*, 553 F. App'x at 229 (finding two to four day delay did not give rise to prejudice); *Francis*, 98 F.R.D. at 631 (Where "the offenses involved, as admitted by the defense, are serious[,][t]he delay of three days . . . is not correspondingly serious to require a dismissal with prejudice.").

The Third Circuit has recognized "oppressive pretrial incarceration" and "the accused's anxiety and concern over the outcome of the litigation" as factors to consider for prejudice to a defendant's liberty. *Hakeem v. Beyer*, 990 F.2d 750, 760 (3d. Cir. 1993) (citing *Barker v. Wingo*, 407 U.S. 514, 532 (1972)). Here, Petitioner was released from pre-trial custody in May 2019, long before the speedy trial violation. Petitioner was permitted to live in his residence and to work outside of the home. Petitioner had signed a plea agreement and was awaiting his plea hearing during the short four-day delay. Finally, Petitioner fails to make any argument regarding any anxiety or concern he suffered over his criminal matter. *See United States v. Dreyer*, 533 F.2d 112, 116 (3d Cir. 1976) (finding that a defendant must show that his anxiety extended beyond that which "is inevitable in a criminal case.")

Based on all of the above, Petitioner cannot demonstrate that the violation of the Speedy Trial Act in his criminal matter would have resulted in a dismissal with prejudice. Therefore, he

13

has failed to show the requisite prejudice required for his ineffective assistance of counsel claim and the claim is denied.[1]

### B. Sentence Reduction

Petitioner seeks a reduction of his sentence, pursuant to 18 U.S.C. §3582(c)(1). (ECF No. 6-1 at 6-7.) Petitioner bases the request on the "extraordinary and compelling reason" of plea counsel's ineffective assistance and his "extraordinary acceptance of responsibility." (*Id.*)

First, the Court notes that at the same time Petitioner filed the instant Motion, he filed an emergency motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1) with the sentencing court in the underlying criminal matter. (Crim No. 21-677, ECF No. 81.) On June 7, 2024, that motion was dismissed as moot, as Petitioner had been released from Bureau of Prison custody. (*Id.*, ECF No. 99.)

Next, even if Petitioner had not already been released from custody, this Court could not provide him with the relief he was seeking. The Third Circuit has acknowledged, "Section 3582's text requires those motions to be addressed to the sentencing court." *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020). Therefore, this Court will deny Petitioner's motion to reduce his sentence without prejudice.

### IV. CERTIFICATE OF APPEALABILITY

---

[1] The Court notes that Petitioner phrases a portion of his ineffective assistance of counsel claim against Attorney Perry, as an argument that Attorney Perry was operating under a "conflict of interest" because he could not "reasonably be expected to seek dismissal since doing so would require counsel to challenge his own effectiveness" in moving for the ends of justice continuances. (ECF No. 6-1 at 6.) (*Id.*) However, it is clear from the record in Petitioner's criminal matter, that when Attorney Perry entered his appearance in April 2020, Chief Judge Wolfson's COVID standing orders were in place and the periods of delay in criminal proceedings resulting from the COVID delays were excluded for the limitations periods under the Speedy Trial Act. The only ends of justice continuance Attorney Perry sought was on June 30, 2021, based on Petitioner's signing of the plea agreement and the need for a District Judge to be assigned to the matter and for the scheduling of a plea hearing. (Crim. No. 21-677, ECF No. 61.) As Attorney Perry was not involved in the criminal matter during the ends of justice orders that Petitioner challenges, any argument that Attorney Perry was acting under a conflict of interest based on those continuances is without merit.

14

Pursuant to 28 U.S.C. §2253(c), a petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court further held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, based on the foregoing, the Court concludes that Petitioner has not demonstrated that jurists of reason would disagree with the resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further. Consequently, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated above, Petitioner's Section 2255 Amended Motion (ECF No. 6) is **DISMISSED without prejudice**. A certificate of appealability shall not issue. An appropriate order follows.

DATED: July 14, 2025

JULIAN XAVIER NEALS
United States District Judge